1  McGREGOR W. SCOTT
   United States Attorney
2  JAMES R. CONOLLY
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:   (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,                CASE NO.  2:20-CR-35-JAM

12                        Plaintiff,         STIPULATION REGARDING EXCLUDABLE
                                             TIME PERIODS UNDER SPEEDY TRIAL ACT;
13              v.                           FINDINGS AND ORDER

14  OBDULIO JIMÉNEZ,                         DATE: September 22, 2020
    DANIEL JOE BOBIAN,                       TIME: 9:15 a.m.
15  JOSE MANUEL AGUILERA BARBOSA,            COURT: Hon. John A. Mendez

16                        Defendants.

17

18        By previous order, this matter was set for status on September 22, 2020.  By this stipulation and

19  proposed order, the parties respectfully request that the Court continue the status conference until

20  December 15, 2020.

21        To the extent it is needed, this stipulation supplements the basis for exclusion of time under

22  General Order 617, and all prior General Orders addressing public health concerns, and requests that the

23  Court also exclude time between September 22, 2020, and December 15, 2020, under Local Code T4,

24  for the reasons set forth below.

25        Although the General Orders address the district-wide health concern, the Supreme Court has

26  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

27  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

28  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1] The parties note that the Court has already designated a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants Obdulio JIMÉNEZ and Daniel Joe BOBIAN, by and through their counsel of record, hereby stipulate as follows:

1.      The undersigned defendants now move to exclude time between September 22, 2020, and December 15, 2020, per Local Code T4, in addition to the exclusion of time the Court has already ordered in light of public health concerns cited by General Order 611, 612, and 617.  Defendant Jose Manuel Aguilera BARBOSA has not yet appeared in this matter, and therefore does not join in this stipulation.

2.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that it is in the process of producing discovery associated with this case, includes law enforcement reports, photographs, as well as investigative reports.  All of this discovery will be either produced directly to counsel or made available for inspection and copying.

b)      Counsel for defendants will need time to consult with their clients, review discovery, investigate evidence and potential defense strategies, and otherwise prepare for trial.

c)      Counsel for the defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 22, 2020 to December 15, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

1        3.        Nothing in this stipulation and order shall preclude a finding that other provisions of the

2   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3   must commence.

4        IT IS SO STIPULATED.

5   Dated:  September 16, 2020                   McGREGOR W. SCOTT
                                                 United States Attorney

6                                                /s/ JAMES R. CONOLLY
7                                                JAMES R. CONOLLY
                                                 Assistant United States Attorney

8

9   Dated:  September 16, 2020                   /s/ JENNIFER MOUZIS
                                                 JENNIFER MOUZIS
10                                               Counsel for Defendant
                                                 DANIEL JOE BOBIAN
11

12  Dated:  September 16, 2020                   /s/ STEFAN E. SACKS
13                                               STEFAN E. SACKS
                                                 Counsel for Defendant
14                                               OBDULIO JIMÉNEZ

15

16

17                          **FINDINGS AND ORDER**

18        IT IS SO FOUND AND ORDERED this 17th day of September, 2020

19

20                                               /s/ John A. Mendez
                                                 THE HONORABLE JOHN A. MENDEZ
21                                               UNITED STATES DISTRICT COURT JUDGE

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME        4
PERIODS UNDER SPEEDY TRIAL ACT