1  McGREGOR W. SCOTT
United States Attorney
2  JAMES R. CONOLLY
Assistant United States Attorney
3  501 I Street, Suite 10-100
Sacramento, CA 95814
4  Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900
5

6  Attorneys for Plaintiff
United States of America
7

8                     IN THE UNITED STATES DISTRICT COURT
9                     EASTERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,                    CASE NO.  2:20-CR-35-JAM

12                          Plaintiff,           STIPULATION REGARDING EXCLUDABLE
                                                 TIME PERIODS UNDER SPEEDY TRIAL ACT;
13                     v.                        FINDINGS AND ORDER

14  OBDULIO JIMÉNEZ,                             DATE: December 15, 2020
DANIEL JOE BOBIAN,                               TIME: 9:30 a.m.
15  JOSE MANUEL AGUILERA BARBOSA,                COURT: Hon. John A. Mendez

16                          Defendants.

17

18       By previous order, this matter was set for status on December 15, 2020.  By this stipulation and

19  proposed order, the parties respectfully request that the Court continue the status conference until

20  February 23, 2021.  To the extent it is needed, this stipulation supplements the basis for exclusion of

21  time under the Court's General Orders addressing public health concerns, and requests that the Court

22  also exclude time between December 15, 2020, and February 23, 2021, under Local Code T4, for the

23  reasons set forth below.

24       Although the General Orders address the district-wide health concern, the Supreme Court has

25  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

26  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

27  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

28  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

STIPULATION REGARDING EXCLUDABLE TIME              1
PERIODS UNDER SPEEDY TRIAL ACT

1    509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

2    judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

3    or in writing").

4         Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

5    and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

6    continuances are excludable only if "the judge granted such continuance on the basis of his findings that

7    the ends of justice served by taking such action outweigh the best interest of the public and the

8    defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

9    "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

10   ends of justice served by the granting of such continuance outweigh the best interests of the public and

11   the defendant in a speedy trial."  *Id.*

12        The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

13   T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

14   natural disasters, or other emergencies, this Court has discretion to order a continuance in such

15   circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

16   following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

17   recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

18   *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

19   September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

20   similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

21        In light of the societal context created by the foregoing, this Court should consider the following

22   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

23   justice exception, § 3161(h)(7) (Local Code T4). [1]  The parties note that the Court has already designated

24   a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010)

25   (noting any pretrial continuance must be "specifically limited in time").

26   ///

27
_____

28        [1] The parties note that General Order 612 acknowledges that a district judge may make
     "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
     Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME        2
PERIODS UNDER SPEEDY TRIAL ACT

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants Obdulio JIMÉNEZ and Daniel Joe BOBIAN, by and through their counsel of record, hereby stipulate as follows:

1.      The undersigned defendants now move to exclude time between December 15, 2020, and February 23, 2021, per Local Code T4, in addition to the exclusion of time the Court has already ordered in light of public health concerns cited by General Orders.  Defendant Jose Manuel Aguilera BARBOSA has not yet appeared in this matter, and therefore does not join in this stipulation.

2.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has produced 100 pages of discovery associated with this case, includes law enforcement reports, photographs, and investigative reports.  This discovery has been produced directly to counsel or made available for inspection and copying.

b)      Counsel for defendants need further time to consult with their clients, review discovery, investigate evidence and potential defense strategies, and otherwise prepare for trial.

c)      Counsel for the defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 15, 2020 to February 23, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///

///

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

1     3.     Nothing in this stipulation and order shall preclude a finding that other provisions of the

2   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3   must commence.

4         IT IS SO STIPULATED.

5   Dated:  December 10, 2020                    McGREGOR W. SCOTT
                                                 United States Attorney

6
                                                 /s/ JAMES R. CONOLLY
7                                                JAMES R. CONOLLY
                                                 Assistant United States Attorney

8

9   Dated:  December 10, 2020                    /s/ JENNIFER MOUZIS
                                                 JENNIFER MOUZIS
10                                               Counsel for Defendant
                                                 DANIEL JOE BOBIAN
11

12  Dated:  December 10, 2020                    /s/ STEFAN E. SACKS
                                                 STEFAN E. SACKS
13                                               Counsel for Defendant
                                                 OBDULIO JIMÉNEZ
14

15

16

17                              **FINDINGS AND ORDER**

18        IT IS SO FOUND AND ORDERED this 11th day of December, 2020.

19
                                                 /s/ John A. Mendez
20                                               THE HONORABLE JOHN A. MENDEZ
                                                 UNITED STATES DISTRICT COURT JUDGE
21

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME          4
PERIODS UNDER SPEEDY TRIAL ACT